**JONES, Plaintiff-Appellant, v. J. W. WILLS COMPANY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24,972. Decided January 14, 1960.

Sindell, Sindell, Bourne & Disbro, for plaintiff-appellant.

Johnson, Weston, Blackmore, Cory & Hurd, for defendant-appellee.

(MIDDLETON, J, of the Third District, DOYLE and HUNSICKER, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By MIDDLETON, J.

This cause is in this Court upon appeal from a judgment of the Court of Common Pleas entered pursuant to the granting of defendant's motion for a directed verdict at the conclusion of plaintiff's case. Plaintiff's action is one in damages for permanent injuries alleged to have been suffered by plaintiff as a result of an automobile collision at the intersection of East Boulevard and Shaker Boulevard in the City of Cleveland. In brief, the facts as revealed by the record are as follows:

On February 5, 1955, the defendant, an Ohio corporation organized and licensed to conduct the business of a funeral director, was in charge of a funeral of one Albert Smith. After the services at the funeral home, the funeral procession in charge of the defendant proceeded to leave for the cemetery, and as the procession was passing through the intersection of East Boulevard and Shaker Boulevard, the collision which is the basis of plaintiff's action occurred.

At this intersection, traffic was controlled by a traffic signal: alternating red and green light indicating stop and go. In the funeral procession, the plaintiff was riding in an automobile being driven on Shaker Boulevard by her husband Earl. At this intersection, the car in which she was riding was hit by another car proceeding in a southerly direction on East Boulevard. At the time the car in which plaintiff was riding entered the intersection, the traffic signal showed red for traffic on Shaker Boulevard. The record further discloses that the car in which plaintiff was riding displayed on the windshield a funeral sticker, and the cars preceding the one in which plaintiff was riding displayed funeral flags.

At the time of the incident, there existed in Cleveland Ordinance No. 9.1110, which provided as follows:

"(a) A funeral composed of a procession of vehicles shall be identified as such by the prominent display upon the forward part and outside of each vehicle of a pennant, flag, or other device of a type designated by the chief of police.

"(b) Each driver in a funeral or other procession shall drive as near to the right hand edge of the roadway as practicable and follow the vehicle ahead as closely as practicable.

"(c) Each driver in a funeral procession shall cause the bright

headlights of his vehicle to be lighted at all times while driving in such funeral procession."

Prior to the time of the collision the chief of police had taken no action pursuant to the provisions of sub-division (a) of this ordinance. The decedent's widow at the time she engaged the defendant to conduct her husband's funeral, requested the defendant to secure for her escort service, for which service she was to pay an extra fee. In conformity with this request, one escort car was provided for which the widow was billed and paid for. The driver of the car in which plaintiff was riding testified he saw the police escort at the funeral home and later at one of the street intersections, but did not see the escort at the intersection where the collision occurred. There was conflicting evidence as to whether at the time of the incident funeral flags or funeral stickers were in customary use in the City of Cleveland.

The undisputed evidence appearing in the record establishes the fact that escort service for a funeral procession is not used unless especially requested and that in the instant case, such service was provided at the request of the widow of the deceased. Also, the evidence shows that the defendant, in securing the escort service, acted as the agent of the widow. Whatever the agency relationship was, it existed between the escort service and the widow, who requested such service and not between the escort and the defendant. In the absence of a request for escort service there was no duty resting upon the defendant to furnish such service. There is nothing insofar as the record discloses to indicate that the defendant had any control or supervision over the manner in which the escort was to perform his duties. The manner and means employed by the escort were left to the decision and control of the one engaged to provide the service. It is the opinion of the Court that the escort, in performing this service, was acting as an independent contractor and that respondeat superior as between the escort and the defendant is not applicable.

It is not and could not be claimed that the defendant was an insurer of the plaintiff or others in the funeral procession, and if there is any liability in tort on the part of the defendant for the injuries resulting to the plaintiff, it must be based upon negligence of the defendant and its failure to use ordinary care which was the proximate cause of plaintiff's injury. The defendant had no control over those who chose to join the funeral procession and no control over such persons when they joined or left such procession, or the manner in which they operated their cars while in the procession. The defendant had no control or supervision over the plaintiff or the car in which she was riding, or the manner in which the car was operated by the driver. The defendant, in placing funeral stickers on cars in the procession, the giving of instructions as to the distance to be maintained between cars, did not thereby incur liability for the misfeasance or non-feasance, if any, of the driver of plaintiff's car or the negligence, if any, of the driver of the other car involved in the collision.

The plaintiff contends that the defendant is liable under the provisions of Ordinance No. 9.1110 of the City of Cleveland; that defend-

ant's conduct was in direct violation of this ordinance. In considering the ordinance, several questions present themselves, i. e.: was the ordinance operative at the time of the collision, or did it require action by the chief of police before it would become operative, and also, does the provision of this ordinance impose any duty upon the defendant.

In answer to the first question presented, it is the opinion of the Court that the part of the ordinance, "or other device of a type designated by the chief of police," does not qualify the provision of the ordinance providing for "a pennant or flag," and the ordinance did not require any action by the chief of police to become operative. Applying this interpretation, does the ordinance place any duty upon the defendant? We do not believe it does. There is nothing in the ordinance which specifically places any burden upon the defendant or requires any action by the defendant. The ordinance merely states, in subsection (a):

"A funeral composed of a procession of vehicles shall be identified as such by the prominent display . . . of a pennant, flag or other device of a type designated by the chief of police."

The duty is upon the operator of each vehicle in the funeral procession to see to it that his vehicle is properly identified. The fact that a funeral director may furnish such pennant or flag or other device to be displayed does not relieve the driver of each vehicle from the duty of seeing to it that such identifying device is properly displayed upon the vehicle. The duty rests upon the driver of each vehicle to display the identifying device, and not upon the funeral director.

At the time of the collision there was no right-of-way provision of the Revised Code giving a right of way to a funeral procession at an intersection, notwithstanding any traffic device controlling traffic at said intersection. It is admitted the driver of the car in which plaintiff was riding drove through the intersection in violation of the traffic light showing red against traffic moving in Shaker Heights Boulevard. The fact that this car was a part of a funeral procession did not give the driver any legal right to proceed against the red light. We find nothing in the record showing any violation by the defendant of any duty owing to the plaintiff or to the widow who requested the escort service, nor do we find any evidence indicating any negligence on the part of the defendant which was the proximate cause of plaintiff's injury. The plaintiff failed in her proof to show liability on the part of the defendant and the court properly allowed defendant's motion for a directed verdict.

Finding no prejudicial error in any of the particulars assigned by plaintiff the judgment of the Court is affirmed.

DOYLE, PJ, HUNSICKER, J, concur.